| | |
|---|---|
| **JOHNNY JACKSON, JR. #590124,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **No. 3:25-cv-00686** |
| **v.** | ) |
| | ) |
| **WARDEN GUY BOSH,** *in his official* | ) |
| *capacity as Warden at TTCC*, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Johnny Jackson, Jr., an inmate of the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a pro se Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131(1), alleging violations of his civil rights. (Doc. No. 1). He also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Letter Requesting Status of Claim (Doc. No. 9).

The Court construes the letter as a Motion to Ascertain Status of Case. That motion is **GRANTED** insofar as the Court grants Plaintiff's IFP Application and undertakes the required screening of the Complaint herein.

### I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application (Doc. No. 2) and supporting documentation (Doc. Nos. 6, 7), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

1

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the TTCC to ensure that the custodian of Plaintiff's inmate trust account

2

complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING OF THE COMPLAINT

The Complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

A. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520121 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us

3

to conjure up [unpleaded] allegations." <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>ALLEGED FACTS</u>

The allegations of the Complaint are assumed true for purposes of the initial screening required by the PLRA.

TTCC "does not provide programs nor the proper medical treatment the Plaintiff needs." (Doc. No. 1 at 5).

Plaintiff suffers from seizures. He is housed in a cell with no emergency call buttons or call light. Staff is "shorthanded" and is not making "proper rounds/security checks." (<u>Id.</u>)

As relief, the Complaint seeks Plaintiff's transfer to a special needs prison and $1,000,000 for pain and suffering and Plaintiff's "emotional distress" as well as punitive damages. (<u>Id.</u> at 6).

C. <u>ANALYSIS</u>

The Complaint names one Defendant to this action: Warden Guy Bosh in his official capacity only. (<u>See</u> Doc. No. 1 at 2). The Complaint alleges Section 1983 and ADA claims against Warden Bosh.

1. Section 1983 Claims

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. <u>Dominguez v. Corr. Med. Servs.</u>, 555 F.3d 543, 549 (6th Cir. 2009) (quoting <u>Sigley v. City of Panama Heights</u>, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

4

An "official capacity" claim is actually a claim directly against the agency that employs a defendant. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Because Plaintiff sues Defendant Bosh in his official capacity only, Plaintiff has effectively sued Bosh's employer, CoreCivic. See https://www.corecivic.com/facilities/trousdale-turner-correctional-center (last visited April 20, 2026). Although it is a private company, CoreCivic performs the traditional state function of operating a prison and is thus a state actor for purposes of Section 1983. See Street v. Corrs. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996). CoreCivic cannot be held vicariously liable for constitutional violations committed by its employees, but CoreCivic can be held directly liable under Section 1983 if a corporate policy or custom "was the moving force behind the deprivation of the plaintiff's rights." Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010)).

Here, liberally construing the pro se Complaint, Plaintiff alleges that TTCC lacks "programs" or "the proper medical treatment" needed by Plaintiff that violates Plaintiff's rights under Section 1983. (See Doc. No. 1 at 5). The Complaint, however, does explain what programs to which Plaintiff believes he is entitled. In any event, the inability to participate in rehabilitative or educational programs does not violate the Eighth Amendment of the United States Constitution. Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (explaining that "deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation [such as job and educational

5

opportunities] violates the Constitution."); <u>Argue v. Hofmeyer</u>, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs.").

Additionally, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. <u>See</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976); <u>Meachum</u>, 427 U.S. at 228-29. Thus, even if there is a CoreCivic policy or custom of failing to provide Plaintiff access to certain educational or rehabilitative programs to which he might have been entitled if housed in a different facility, Plaintiff's Section 1983 claim fails.

Turning to Plaintiff's allegations regarding treatment (or lack thereof) for his mental health needs, the Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' towards the inmate's serious medical needs." <u>Berkshire v. Beauvais</u>, 928 F.3d 520, 535 (6th Cir. 2019) (quoting <u>Blackmore v. Kalamazoo Cnty.</u>, 390 F.3d 890, 895 (6th Cir. 2004)). An Eighth Amendment deliberate indifference claim against an individual actor has objective and subjective components. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Blackmore</u>, 390 F.3d 890, 895. The objective component requires showing "the existence of a "sufficiently serious" medical need. <u>Farmer</u>, 511 U.S. at 834 (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Blackmore</u>, 390 F.3d at 897.

"The subjective component requires a plaintiff to show that 'each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate

6

it.'" <u>Greene v. Crawford Cnty, Mich.</u>, 22 F.4th 593, 605-06 (6th Cir. Jan. 4, 2022) (quoting <u>Griffith v. Franklin Cnty, Ky.</u>, 975 F.3d 554, 568 (6th Cir. Sept. 21, 2020)). This showing "entails something more than mere negligence," <u>Farmer</u>, 511 U.S. at 835, and is instead "equivalent to criminal recklessness[,]" <u>Greene</u>, 22 F.4th at 606 (quoting <u>Griffith</u>, 975 F.3d at 568).

Here, the Complaint fails to explain what medical treatment Plaintiff has not been afforded at TTCC. However, the Court notes that, subsequent to the filing of his Complaint, Plaintiff filed copies of prison grievances he submitted to prison officials. These grievances show that Plaintiff alleges that he "had brain surgery that caused [him] to have PTSD that requires proper therapy that's not offered [at TTCC]." (Doc. No. 8 at 2). He alleges that he needs certain medications and "mental health programs and services . . . to manage his mental health" and "to cover [his] particular issues." (<u>Id.</u> at 3).

Although at this time Plaintiff's medical-related claims under Section 1983 fail to state a claim upon which relief may be granted, given the allegations provided in Plaintiff's latest filing and his pro se status, the Court finds it appropriate to permit Plaintiff the opportunity to file an amended complaint. The amended complaint may provide more information regarding the medical and/or mental health treatment Plaintiff believes has not been afforded to him and any CoreCivic polices or practices regarding such treatment that Plaintiff believes violate his Eighth Amendment rights. <u>See</u> <u>LaFountain v. Harry</u>, 716 F.3d 944, 951 (6th Cir. 2013).

2. ADA Claims

The ADA prohibits public entities from discriminating against a qualified individual with a disability on account of that disability in the operation of services, programs, or activities. 42 U.S.C. § 12131(1); <u>Pennsylvania Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 210 (1998). A "public entity" is defined by the ADA as "(A) any State or local government; (B) any department, agency,

7

special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1).

This Court and the Western District of Tennessee have concluded that a private corporation is not considered a "public entity" for purposes of Title II, nor are privately run prisons even though they may contract with a state to provide services. See Vick v. CoreCivic, 329 F. Supp. 3d 426, 441-42 (M.D. Tenn. 2018); Dodson v. CoreCivic, No. 3:17-cv-00048, 2018 WL 4800836, at *7 (M.D. Tenn. Oct. 3, 2018) (Campbell, J.) (declining to "depart from the majority view" on this subject "unless and until the Sixth Circuit holds otherwise"); Ogbeiwi v. CoreCivic America, No. 1:20-cv-01094-STA-cgc, 2021 WL 2144326, at *2 (W.D. Tenn. May 26, 2021). See also Edison v. Douberly, 604 F.3d 1307, 1310 (11th Cir. 2010) (finding that a private corporation is not a public entity merely because it contracts with a public entity to provide some service). Consequently, Plaintiff cannot maintain a claim against CoreCivic for a violation of Title II.[1]

---

[1] Even if Plaintiff had named a defendant amenable to suit under the ADA, the Complaint insufficiently alleges that Plaintiff has a disability as defined by the ADA. The Complaint alleges only that Plaintiff suffers from seizures. The Complaint does not provide details as the nature of the seizures or how often Plaintiff suffers from seizures. The Complaint does not allege that the seizures substantially limit one or more of Plaintiff's major life activities. See Rutlin v. Prime Succession, Inc., 75 F. Supp.2d 735, 737 (W.D. Mich. 1999) (finding that epileptic seizures "may be disabling when they occur" but, in light of their infrequency for this plaintiff, his seizures standing alone did not render his epilepsy condition a disability within the meaning of the ADA); Rosteutcher v. MidMichigan Physicians Group, 332 F. Supp.2d 1049, 1060 (E.D. Mich 2004) (finding that a genuine issue of material existed as to whether plaintiff's seizures—during which "she loses consciousness and is unable to see, hear, speak, or work"—constitute a disability under the ADA).

### III. CONCLUSION

Having conducted the screening of the Complaint required by the PRLA, the Court finds that Plaintiff's ADA claims against Defendant in his official capacity fail to state claims upon which relief can be granted. Those claims are **DISMISSED**.

Likewise, Plaintiff's Section 1983 claims against Defendant in his official capacity based on the lack of programs at TTCC and Plaintiff's desire to be transferred to a different prison fail to state claims upon which relief can be granted. Those claims, too, are **DISMISSED**.

With respect to Plaintiff's Section 1983 claims against Defendant in his official capacity based on medical and/or mental health treatment (or lack thereof), Plaintiff may file an amended complaint no later than 30 days after entry of this Memorandum Opinion and Order that provides more information regarding the medical and/or mental health treatment he believes has not been afforded to him and any CoreCivic polices or practices regarding such treatment that Plaintiff believes violate his Eighth Amendment rights. See LaFountain, 716 F.3d 944, 951.

Any amended complaint must contain all allegations, claims, and defendants, and should not incorporate the original complaint by reference.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, this case will be dismissed.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

9